ALBERT GOLDSTEIN, Respondent, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Appellant.

**Insurance (accident) — provisions of policy construed — injury resulting in immediate and permanent loss of the sight of one eye — insured limited to sum provided for such injury — cannot reject such compensation and recover weekly indemnity for life under another article of policy.**

Plaintiff, who lost an eye by the explosion of a bottle, seeks to recover upon a policy of insurance against accident and sickness, one article of which provides for payment of a fixed sum for the loss of the eye and another makes separate and distinct provision for a weekly indemnity for total disability.   He suffered as the result of the loss of the eye an affection of the heart resulting in disability to transact the kind of business transacted by him in the past,

and seeks to ignore the specific provision as to the indemnity for the loss of the eye and recover the weekly indemnity for total disability.  On examination of the provisions of the policy, *held*, that the total disability provided for is one that is not in consequence of an injury within the purview of the provision for specific injury.  If disability follows an injury within the purview of the specific provision, payment is not to exceed the principal sum, or a prescribed fraction thereof, except that there may be weekly indemnity up to the date of death, dismemberment or loss of sight.  The promise of compensation for the injuries specifically enumerated, such as for the loss of an eye, excludes the promise of compensation for their secondary consequences.

*Goldstein* v. *Standard Accident Ins. Co.*, 204 App. Div. 452, reversed.

(Argued May 9, 1923; decided May 29, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 16, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*Thomas R. Wheeler* and *William C. Warren, Jr.*, for appellant.  The trial court erred in its construction of the policy.  (*Kuhn* v. *Knight*, 190 N. Y. 329; *Hastings* v. *Bankers Ac. Ins. Co.*, 140 Iowa, 626; *Delaware Ins. Co.* v. *Greer*, 120 Fed. Rep. 916; *Rosenthal* v. *American Bonding Co.*, 207 N. Y. 162.)

*Carl Sherman* for respondent.  The plaintiff was totally disabled within the meaning of the policy and entitled to recover indemnity in accordance with the total disability provision.  (*Anderson* v. *Ætna Life Ins. Co.*, 75 N. H. 375; *Kangas* v. *Standard Ac. Ins. Co. of Detroit, Mich.*, L. R. A. 1918B, 504; *Fricke* v. *U. S. Indemnity Society*, 78 Conn. 188.)

CARDOZO, J.  The plaintiff holds the defendant's policy of insurance against accident and sickness.  Loss through accident is limited to a principal sum of $1,500, and to an indemnity for loss of time, in prescribed conditions, at the rate of $30 a week.  Loss through sickness

is limited to a like weekly indemnity for not more than fifty-two weeks.

Articles 1 and 2 must be quoted since the controversy turns upon their meaning. They are as follows:

### "Article 1.

" If such injuries shall wholly and continuously disable the Insured from date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability, shall result independently and exclusively of all other causes, in any one of the losses enumerated below, or within one hundred and eighty days from the date of the accident, irrespective of total disability, result in like manner in any one of such losses, the Company will pay the sum set opposite such loss and in addition weekly indemnity as provided in Article 2 to the date of death, dismemberment or loss of sight. Only one of the payments named will be made for injuries resulting from one accident.

#### " *Death, Loss of Limb or Sight*

| | |
|---|---|
| For loss of life...................... | Principal Sum |
| For loss of both hands by actual severance at or above wrist............ | Principal Sum |
| For loss of both feet by actual severance at or above ankle................ | Principal Sum |
| For loss of one hand and one foot by actual severance at or above wrist or ankle.............................. | Principal Sum |
| For the irrecoverable and entire loss of sight of both eyes................ | Principal Sum |
| For the loss of either hand by severance at or above the wrist and entire sight of one eye if irrecoverably lost...... | Principal Sum |
| For the loss of either foot by severance at or above the ankle and entire sight of one eye if irrecoverably lost...... | Principal Sum |

For the loss of either arm by actual
   severance at or above the elbow.. . $\frac{2}{3}$ Principal Sum
For the loss of either hand by actual
   severance at or above the wrist... $\frac{1}{2}$ Principal Sum
For the loss of either leg by actual sever-
   ance at or above the knee.......... $\frac{2}{3}$ Principal Sum
For the loss of either foot by actual
   severance at or above the ankle..... $\frac{1}{2}$ Principal Sum
For the irrecoverable and entire loss of
   sight of one eye................... $\frac{1}{2}$ Principal Sum
For the loss of thumb and index finger
   of either hand (by severance at or
   above metacarpophalangeal joints). $\frac{1}{3}$ Principal Sum
Payment in any such case shall terminate this policy.

"WEEKLY INDEMNITY
"ARTICLE 2
"*Total Loss of Time.*

"If such injury shall not result in any of the losses enumerated in Article 1, but shall immediately, totally and continuously disable and prevent the insured from attending to any and every kind of duty pertaining to his occupation, the Company will pay him the weekly indemnity at the rate mentioned above for the entire period during which he is so disabled."

The provisions of these articles should be read in connection with those of article 11 which deals with the subject of insurance against sickness. "The company will not pay for sickness disability occasioned by accidental injuries."

Plaintiff, while delivering bottles of seltzer water, was injured by an explosion. The head of one of the bottles struck him in the eye, cutting it so badly that it was afterwards removed. The compensation fixed by the policy for the loss of an eye is one half the principal sum, or $750. There is evidence, however, of other and secondary injuries. The nervous shock engendered by

the blow to the eye and the ensuing operation brought about, it is said, an affection of the heart. The result was disability to continue the kind of business transacted in the past. The company is willing to pay the compensation prescribed by article 1 for the loss of an eye. The plaintiff chooses to forego the payment for the eye and claims weekly indemnity for total disability under article 2. In view of the nature of the disability, this is equivalent to a demand that indemnity at the rate of $30 a week be paid to him for life. The trial judge upheld his claim, and gave judgment in his favor for the installments then accrued. The Appellate Division affirmed by a divided court.

" If such injury shall not result in any of the losses enumerated in article 1," but shall produce immediate and total disability, there is to be compensation under article 2. The injury to the plaintiff did result in one of the losses enumerated in article 1, *i. e.*, the loss of an eye. Compensation has been made, however, in accordance with article 2. We shall assume, though the case does not require us to decide, that the result might be upheld if the injury to the heart were not the indirect and secondary consequence of another and primary injury, *i. e.*, the injury to the eye. Many situations suggested in the briefs are within the range of this assumption. We are asked, for example, what the rights of the insured would be if at one and the same time there had been a blow to the eye and a blow to the spine, the latter blow leading to paralysis and total disability. In such a case the disability would be the result of a separate and independent injury not resulting in any of the losses enumerated in the schedule. That is not the case before us. We think the promise of compensation for the injuries specifically enumerated excludes the promise of compensation for their secondary consequences. The policy does not mean that an insured who loses his hand, and who has thereby become entitled to the payment of one

half of the principal sum, may reject this compensation, and recover a weekly indemnity for life, upon showing that amputation with its attendant weeks of suffering, gave rise to a nervous shock which ended in chronic neurasthenia.  It does not mean, and for like reasons, that the loss of an eye may be ignored, and attention riveted upon the shock which accompanied the loss and would not have been felt without it.    To hold otherwise is. to disregard the limitations of article 2.    The difficulty is not met by analogies drawn from the law of torts.    The defendant is not sued as the author of the plaintiff's injuries.    It is sued as an insurer.    The problem is not one of the relation between cause and effect as determining liability for negligent or willful wrong (*Ehrgott* v. *Mayor, etc., of N. Y.*, 96 N. Y. 264, 281).    The problem is one as to the meaning of a contract.    We are to follow the chain of causation so far, and so far only, as the parties meant that we should follow it.    " The causes within their contemplation are the only causes that concern us "    (*Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47, 51).    We are to ask whether they meant us to pick out the secondary effect and ignore the primary, to pass over the antecedent and land at once upon the consequent. The leap may not be made in disregard of their intention.

We conclude, therefore, as follows: A total disability within the purview of article 2 is a disability that is not the consequence of an injury within the purview of article 1.    If disability follows an injury within the purview of article 1, payment is not to exceed the principal sum or a prescribed fraction thereof, except that there may be weekly indemnity " up to the date of death, dismemberment or loss of sight."    By the judgment under review, indemnity " up to the date of loss of sight " has been turned into indemnity for life.    " We are not at liberty to revise while professing to construe "    (*Sun Printing & Publishing Assn.* v. *Remington Paper & Power Co.*, 235 N. Y. 338, 346).

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., POUND, MCLAUGHLIN and ANDREWS, JJ., concur; HOGAN and CRANE, JJ., dissent.

Judgments reversed, etc.