GEORGE S. GRIMES v. BEN R. TOENSING.[1]

January 7, 1938.

No. 31,240.

[1]Reported in 277 N. W. 236.

*William E. G. Watson,* for appellant.
*Simon Meyers,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was a suit brought under the uniform declaratory judgments act to have a judicial construction placed upon a partnership agreement entered into between the parties; also, as corollary thereto, to have determined the respective rights of the parties to certain partnership funds segregated and set apart pending final outcome of the litigation. Upon issues duly framed and after a most thorough trial, the court made findings sustaining plaintiff's contentions. Defendant's motion for amended findings or a new trial was denied. Judgment was entered, and defendant appeals.

On July 31, 1929, the parties entered into a written contract under the terms of which, as far as here material, they agreed to form a copartnership as attorneys at law under the firm name of Grimes & Toensing, duration, unless sooner dissolved, to be five years. They were to share "the net fees collected in cash during the first three years of the partnership" in the ratio of two-thirds to plaintiff and one-third to defendant. Thereafter "while the partnership is in existence" they were to share such equally. Provision was made whereby the partnership might be "terminated by either of the parties at the end of any partnership year by giving written notice of not less than sixty days" before the expiration of such year. "All fees received for business of the partnership after termination of the partnership shall be divided upon the basis of division of fees for the year during which the fees are collected. *If collected after the partnership has terminated by lapse of time the fees shall be divided equally unless otherwise agreed upon."* (Italics supplied.)

Pursuant to their agreement, they actively engaged in the practice of law and so continued for a period of three years thereafter. At the end of the third year the agreement was modified so as to provide that thereafter plaintiff was to have 60 per cent, defendant 40 per cent, of the net fees thereafter received. On May 29, 1933, plaintiff gave notice of termination to be effective with the partnership year ending July 31, 1933. The notice was in accordance with the provisions of the agreement. On August 7, 1933, they entered into a further written agreement providing: "From and after July 31st, 1933, said George S. Grimes shall receive sixty-five per cent (65%) and said Ben R. Toensing thirty-five per cent (35%) of the net fees received from the partnership business and shall share any loss in like proportion." There never has been any oral, "or other modification, of said written agreement of August 7, 1933, except that on or about July 31, 1934, the existence of said partnership was extended and continued to January 1, 1935." Between August 7, 1933, and December 31, 1934, the division of fees was upon a basis of 65 per cent to plaintiff and 35 per cent to defendant.

For defendant it is claimed that the fees here involved are covered by the provisions of the original agreement, *i. e.*, that of July 31, 1929, providing for an equal division after the first three years had expired; or, if that contention be not sustained, then he is at least entitled to 40 per cent under the agreement as amended at the end of the third year of the partnership agreement. Plaintiff on the other hand contends, and with that the court was in agreement, that the division of fees was fixed by the agreement of August 7.

Much testimony was taken, and the court made findings indicating that careful consideration had been given to all issues presented. Fortunately for us, the only issue now remaining relates to a single item of $3,757.82, that representing 15 per cent of fees earned in a certain case. That sum of money was deposited with a bank as escrow agent of the parties. If plaintiff's contention is sustained then this sum belongs to him; if defendant's contention be sustained upon a 50 per cent basis of division of fees it belongs to him; if the division of fees is to be upon a basis of 60 and 40 per cent, respectively, then both have an interest in the deposited fund.

Plaintiff's claim to the whole fund is based on the agreement of August 7, 1933. In other words, when that agreement was made the old partnership arrangement respecting division of fees necessarily came to an end; hence that it is the only agreement to which the parties may look for guidance in determining division of partnership income.

Defendant in his brief considers the "crucial question" to be whether the agreement of August 7 modifies only paragraph six of the agreement of July 31, or if it in fact modifies that entire agreement. It is true that paragraph six of the original agreement relates to division of fees to be earned by the partnership. It also provides that in the event defendant's portion does not amount to $2,400 per annum the income of the copartnership should nevertheless be utilized to the extent of providing him an annual income of at least $2,400 during the first three-year period. He asserts that the fees here involved were "collected after the partnership has terminated by lapse of time" and as such should be "divided equally unless otherwise agreed upon." If the original contract had remained unamended there can be no doubt that the fees collected during the last two years of its existence should be divided equally, i. e., 50 per cent to each partner. When the amendment was made in August, 1933, the parties must have intended to make definite changes, otherwise why provide for a division of 65 per cent to plaintiff and 35 per cent to defendant? At the trial defendant sought to show the intended limitation now contended for by him by oral proof to that effect. The trial judge, however, was of the view that he could "see no ambiguity in it, and I am satisfied it would be error to extend the rule as far as you would like to have it extended"; hence sustained plaintiff's objection.

■ Is there an ambiguity created by the later amendment? The trial court did not think so, nor do we. The original contract as amended is the written agreement under which these men conducted their business until the dissolution took place. That is the basis upon which fees were divided as and when paid. We would have surprising results, indeed, if after the dissolution money coming in for prior professional work done should be in a different class as to

distribution than that which existed while the partnership was an active and going concern.

It is interesting to note that in the agreement of August 7 provision was made for two certain items of fees to be divided upon a 60-40 basis. Also, under the second paragraph thereof, the provision respecting the guaranteed minimum of $2,400 going to defendant was expressly "cancelled and abrogated." We think this clearly indicates that if a different division were to obtain in respect of the fund here involved the parties, both being lawyers and thoroughly competent adequately to express their thoughts, would have made suitable provision so as to avoid the apparent conflict defendant now seeks to inject. The chosen language clearly expresses what the amendment was intended to accomplish.

"When the language used by the parties is plain and unambiguous there is no room for construction. The law of contract, upon which more than anything else the structure of modern business depends, does not permit courts to take liberties with unambiguous contractual language to reduce liabilities clearly assumed." 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 1817, and cases cited under notes 18 and 19.

"The object of construction is to ascertain and give effect to the intention of the parties, *as expressed in the language used.* The secret, unexpressed intention of the parties is not sought." (Italics supplied.) 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 1816, and cases cited under notes 6 and 7. "Courts are not at liberty to revise while professing to construe." Dunnell, Minn. Dig. (1932 Supp.) § 1816, citing Sun Printing & Publishing Assn. v. Remington Paper & Power Co. Inc. 235 N. Y. 338, 346, 139 N. E. 470; Goldstein v. Standard Accident Ins. Co. 236 N. Y. 178, 140 N. E. 235. Wiseth v. Goodridge Farmers E. & M. Co. 197 Minn. 261, 266 N. W. 850.

Other alleged errors are assigned, but upon consideration thereof we fail to find in them anything requiring discussion.

The judgment is affirmed.