Heffernan, J.
(dissenting). I dissent and vote to affirm the award. It seems to me that the policy of insurance issued to the employer covered claimant. That policy covered not only specified places in the State of New York but also covered “operations incident thereto while conducted either at the work places herein described and defined or elsewhere in connection therewith”. Clearly the facing of “ Chen ” in Maryland was incidental to the employer’s business in this State; and actually was part of the training program in order that the horse would be available for entry in the United Hunts Meet to be held at Belmont Park later in the season. Any doubt as to the meaning of the language used in the policy before us should be resolved in favor of claimant under subdivision 4 of section 54 of the Workmen’s Compensation Law (Matter of Lamb v. Slote, 268 App. Div. 946; Matter of Jaabeck v. Crane’s Sons Co., 238 N. Y. 314).
No rule in the interpretation of a policy of insurance is more firmly fixed-than that which declares that all questions as to the meaning of words or phrases must be liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to the indemnity, which, in making the contract, it was his object to secure (Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 307). The doctrine is firmly established that inasmuch as an accidental insurance policy, whatever may be its form, is intended by the parties to give indemnity for accidental injury, the courts will always go as far as they can to hold the insurer liable, unless in order to do so it is necessary to make a new contract for the parties (Houlihan v. Preferred Accident Ins. Co., 196 N. Y. 337). With this rule in mind, let us measure this contract as it was understood by the insured, having for our guide “ the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract ” (Bird v. St. Paul Fire & Marine Ins. Co., 224 N. Y. 47, 51; Goldstein v. Standard Accident Ins. Co., 236 N. Y. 178). Surely the insured did not intend, understand or even suspect that, if her jockey was seriously injured in the training of Chen she would be deprived of indemnity because the accident to her employee occurred while performing an act, outside of the State, but incidental to the business conducted by her in this State. It is not reasonable to suppose that she had any such conception of her contract or that she had any reason to believe that under such circumstances the appellant would be permitted to disclaim liability.
*1035 Foster, P. J., Brewster, Bergan and Coon, JJ., concur in Memorandum by the Court; Heffernan, J., dissents in a memorandum.
Decision and award modified, on the law, by reversing so much thereof as charges the award against the insurance carrier appellant, and otherwise the decision and award are affirmed, without costs.