2 Cal.Rptr. 454]

## Appellate Department, Superior Court, San Bernardino

[Civ. A. No. 67.   Feb. 1, 1960.]

ELNORA G. GLOVER, Respondent, v. THE NATIONAL
LIFE AND ACCIDENT INSURANCE COMPANY (a
Corporation), Appellant.

John C. Morrow for Appellant.

Ray R. Goldie for Respondent.

MITCHELL, P. J.—In her complaint the plaintiff seeks to recover from the defendant on an insurance policy by the terms of which the defendant agreed to pay to plaintiff the sum of $2,000 if she should suffer the loss of the sight of both eyes as a result of injury or disease sustained after the date of the issuance of the policy.

She alleges that ". . . during the continuance of the contract she suffered the loss of the sight of both eyes." (Par. VII.)

In its answer the defendant denies that the plaintiff suffered the loss of the sight of both eyes during the life of the contract.

### STIPULATION

The following facts were stipulated by the parties:

"that the *plaintiff* suffered the complete and irrevocable *loss of* sight of her *left eye* many years *before the policy* in suit was issued . . ." (Emphasis by the court.)

and

"that the *plaintiff suffered* the complete *loss* of sight of her *right* eye in June, *1958,* as a result of a retinal detachment which occurred in January, 1958."

It was then stipulated that the case might be submitted and decided on this stipulation of facts and on the pleadings and affidavits.

The stipulation is contrary to the plaintiff's allegation with respect to the loss of the sight of *both* eyes during the continuance of the policy.

### PLAINTIFF'S CONTENTIONS

Plaintiff seeks to avoid the plain language of the contract and revise the contract by substituting the phrase "total blindness" for the clause respecting the loss of the sight of *both eyes after* the issuance of the policy.

In her brief plaintiff concedes that the clause contained in

the policy is "an express promise to pay for a specific loss, to-wit: the loss of sight of both eyes"; and similarly concedes that "meaning must be given to every sentence, clause and word of a contract of insurance so as to avoid rendering portions of it inoperative." (Pages 4 and 5 of plaintiff's brief.)

Plaintiff cites the cases of *Hill* v. *National Life & Acc. Ins.* (La. App.) 160 So. 312; and *Humphreys* v. *National Benefit Assn.*, 139 Pa. 264 [20 A. 1047], in support of her contention.

In the Hill case it appears that "at the time the policy was issued the company knew that the plaintiff had a cataract on his right eye," and issued its policy with and notwithstanding this knowledge.

In the Humphreys case it was held that in issuing a policy covering the loss of sight in both eyes knowing that the insured had but one eye the company is liable.

The knowledge on the part of the company which existed in those cases is absent here. Not only is it absent here but, in addition, the information given to the company by the plaintiff was to the contrary.

Plaintiff submitted an affidavit, in support of her motion for a summary judgment, to which is attached a letter from the defendant in which it is made to appear that at the time the policy was issued the plaintiff represented that she had suffered no prior injury to eye or eyes and that the defendant company had no previous notice of plaintiff's disability when the policy was issued.

It is next suggested that the clause "loss of sight of both eyes during the continuance of the contract" is ambiguous and subject to two interpretations, one favoring the plaintiff and one favoring the defendant, and this being the case then the court may adopt one of the conflicting interpretations and that such choice must fall upon the interpretation favoring the plaintiff.

It is difficult to see how anyone could interpret this simple language in any other way than "loss of two eyes during the life of the policy."

It is not within the power of the court to change the policy so as to provide for the payment for the loss of *one* eye only when the contract provides specifically for indemnity for the loss of two eyes during the life of the policy.

The contract language is as follows:

". . . insurance herunder shall be payable in event of

"(a)  loss by severance of both hands . . .

"(d)  complete . . . loss of sight of both eyes . . .

"upon receipt . . . of proof . . . that, during the continuance of this policy . . . the insured has suffered (any such loss) *solely* as a result of disease contracted *after*, or injuries sustained *after the date of issue*." (Emphasis by the court.)

There is no ambiguity in this explicit language.

Plaintiff's case is such that in order to recover she must show that at the time the policy was issued the company knew of her disability and accepted the risk notwithstanding that disability.

Her affidavit shows that this was not the case.

The judgment is reversed and the cause is remanded for trial.

Curtis, J., and Hilliard, J., concurred.