Robert L. WHEELOCK, Jr., Appellant,

v.

AMERICAN FIRE & CASUALTY COMPANY et al., Appellees.

No. 11490.

Court of Civil Appeals of Texas.

Austin.

April 5, 1967.

Rehearing Denied April 26, 1967.

William J. McKie, Corsicana, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Robert Keith Drummond, Thompson, Coe, Cousins & Irons, Franklin H. Perry, Dallas, for appellees.

PHILLIPS, Chief Justice.

This is a suit by appellant Wheelock against six insurance companies on fire and extended coverage policies as a result of destruction of a pier at Lake Texoma by a windstorm in August, 1961. The jury verdict was for Wheelock. However, on proper motion the trial court entered a judgment *non obstante veredicto* for the insurance companies, hence this appeal.

We affirm.

Appellant is before this Court on two points of error, the first being the error of the court in rendering judgment for the defendants, because the uncontroverted evidence establishes that at the time in question there was no "high water" or other exclusion as set out in defendant's policies and therefore the trial court charged the jury properly and plaintiff was entitled to judgment on the verdict.

We overrule this point.

The following question was submitted to the jury: Do you find from a preponderance of the evidence that the windstorm was the proximate cause of the damage to the boat dock of the plaintiff? In response thereto the jury answered, "yes."

Each policy of insurance provides as follows:

"Conditions applicable only to windstorm, hurricane and hail:

Unless specifically named hereon, this company shall not be liable for loss * *

caused by * * * tidal wave, high water, or overflow, whether driven by wind or not; * * *"

To quote from appellant's brief: "All of the evidence regarding what caused the destruction of the boat dock was to the effect that it was caused by the wind and the waves."

This case is controlled by the decision of our Supreme Court in Hardware Dealers Mutual Insurance Company v. Berglund, 393 S.W.2d 309 (Tex.1965) which opinion quotes with approval from Coyle v. Palatine Insurance Company, Tex.Comm'n App., 222 S.W. 973, 1920 as follows:

"It may be admitted, as the plaintiffs in error urge, that the wind was the cause of the action of the water. But, as related to the loss in dispute, the contract expressly provided that the insurer was not to be responsible for any damage, whatever, due to the action of water caused by the wind. All part of the loss caused by water, though the water's action was due to the wind, is thus eliminated. Therefore, the rule invoked, that where there is no order of succession in time and there are two concurrent causes of a loss in which the damage done by each cannot be distinguished, the predominating cause will be deemed the proximate cause, can have no application. The water as a concurrent cause, or as any element in the cause, which produced the loss, is by the contract put out of the case."

Both in Coyle and Berglund the excluded loss in practically identical to the case at bar.

Appellant contends that the damage was done by waves created by high wind and that waves caused by high wind do not constitute high water as contemplated by the exclusion. He further contends that the level of the lake was not appreciably higher when the storm struck and at the time the lake was below flood level. That "high water" under the exclusion contemplated a

raising of the lake level such as flooding by adjacent streams. The abovementioned cases make no such distinction. Their only distinction is between wind and water and wind and wind-driven water.

Berglund quotes from Newark Trust Company v. Agricultural Insurance Co., 237 F. 788 (3rd. Cir. 1916), also cited in Coyle, to the effect that:

"[I]t is manifest from the terms of the contract, as well as from the enumerated elements, that the perils insured against are the perils of the air, and among those expressly excepted are perils of water; and that after disclaiming liability for damage caused by such specific water forces as tidal wave, high water, overflow and cloudburst, the insurance company broadly refuses to assume liability for any loss or damage caused generally by water, even when 'driven by wind.'"

The Court points out in Berglund that from an underwriting standpoint there is a vast difference between insuring against loss by hurricane winds only and insuring against loss by a combination of hurricane winds and water; that from a standpoint of verbiage, there is little difference between the wording of the exclusion clause in Berglund and that in Coyle.

Appellant's second point of error is that of the court in rendering judgment for the defendants, because even if defendants are correct in their position that the court's charge was in error then there is sufficient evidence to charge the jury as requested by defendants and therefore a mistrial should have been declared.

We overrule this point.

The sole issue on causation submitted to the jury and set out above was the only issue submitted by the court. Appellant failed to tender any other issues, and failed to object to the absence of any other issues.

The appellees objected to the submission of this issue pointing out the court's failure to submit any issues relating to high water

whether driven by wind or not, and relating to causation by a combination of windstorm and high water. Appellees further objected that the court, by the submission of the issue set out above, was reforming the contract, or, in effect, misinterpreting it.

Texas Rules of Civil Procedure, rule 279 provides that the failure to submit an issue shall not be deemed a ground for reversal of the judgment unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party.

■ Appellant failed to submit any issues relating to the high water whether driven by wind or not, although they were necessary parts of his case. Thus he cannot be heard to complain here because of the issue submitted.

Appellant asks this Court, in the event we hold as we have on his point of error number one, to reverse and remand the case so that it can be submitted to the jury on the theory set out in the Berglund decision. Appellant is apparently referring to the judgment therein where a percentage of damage which was caused by or resulted from water or water driven by wind could be ascertained (as distinguished from that caused by wind alone) thus deleting that part of the damage caused by water and allowing a recovery for the wind damage alone.

■ In Berglund, the Court held that where the insurance company pleaded specific exclusions which were set forth in the policy and thus raised issues of contract coverage, the burden of producing evidence to demonstrate that their losses were not attributable to the pleaded excluded hazards rests upon the party asserting recovery under the policy. Thus it became the duty of the appellant here to present evidence to demonstrate that his loss was not attributable to high water, whether driven by wind or not. The evidence before us is conclusive that the damage was done by combination of the elements in question and there is no evidence upon which any issue could be submitted to a jury allowing them to find a percent of the damage caused by the wind, unaccompanied by the effect of high water.

The judgment of the trial court is affirmed.