Burton S. Sherman, J.
The plaintiff moves for summary judgment pursuant to CPLR 3212 in an action to recover damages on an insurance policy.
The undisputed facts are that during a storm a boat owned by the codefendant broke its moorings and struck plaintiff’s pier causing damage. The plaintiff seeks recovery under its "Delux Homeowners” policy in effect at the time of loss. The defendant insurance company disclaimed liability relying upon the general exclusions sections under the policy involved. It states on page 6 and 7: "Allstate shall not be liable: Under coverages A, B, & E for loss * * * (b) to fences, pavements patios, swimming pools, foundations, retaining walls, bulk heads, piers, wharves or docks when such loss is caused by freezing, thawing or by the pressure or weight of ice or water whether driven by wind or not * * * Under coverages A, B, C, D, and E for loss: (e) caused by resulting from contributed to or aggravated by any of the following: (1) flood, Surface Water, waves tidal water tidal waves, overflow of streams or other bodies of water or spray from any of the foregoing, whether driven by wind or not. ” (Emphasis added.) The defendant argues that the loss was caused by the boat striking the pier as a result of being propelled by surface water, waves and wind after breaking loose from its moorings and therefore is excluded from coverage. The plaintiff does not deny these facts but argues that the policy contemplates as an exclusion damage to property caused by a body of water extending beyond its natural boundaries. And the pier as a part of the shore line was not beyond the natural boundaries of the water.
A contract of insurance is an agreement to compensate for loss. However not all losses are necessarily compensable. As in any other contract the parties may agree that payment for *1000 loss may be conditional upon or the result of a particular peril or event. This is the risk or coverage bargained for. Common to the question of coverage is often the question of proximate cause. In such cases it is the nature of the loss and the manner in which it happened which determines the issue. (Goldstein v Standard Acc. Ins. Co., 236 NY 178.) However the question of proximate cause may be controlled through appropriate provisions in the contract of insurance and the courts will "follow the claim of causation so far, and so far only, as the parties meant that we should follow it.” (Goldstein v Standard Acc. Ins. Co., supra, p 183.)
In this case the language is clear and unambiguous. It excludes coverage for a loss caused by resulting from, contributed to or aggravated by surface water, waves and tidal water whether driven by wind or not. It is not denied by plaintiff that the boat broke its moorings and struck the pier as a result of surface water, waves or tidal water propelling the craft into the dock. Absent self-propulsion, wind waves and tides move boats on the water during storms. At the very minimum the combination of the elements including water and waves contributed to the loss. And this is the risk the defendant sought to avoid. In Wheelock v American Fire & Cas. Co. (414 SW2d 61 [Tex]), the plaintiff sought to recover for destruction of a pier during a windstorm. The policy excluded losses caused by tidal waves, high water or overflow, whether driven by wind or not. Plaintiff argued that damage was caused by wind as well as water. In dismissing the court stated (p 64): "The evidence before us is conclusive that the damage was done by combination of the elements in question and there is no evidence upon which any issue can be submitted to a jury allowing them to find a percentage of the damage caused by the wind, unaccompanied by the effect of high water.” Similarly in the case at bar whatever else caused the damage to the pier it cannot be denied that the water involved was a contributing factor. The motion for summary judgment as prayed for by the defendant is granted and the complaint dismissed. ,