Per Curiam.

Plaintiff insured a house and pier with defendant Allstate Insurance Company agáinst all risks except as excluded by the policy. During a storm, a boat owned by the codefendant broke loose from its mooring, crashed into plaintiff’s pier, and assertedly caused the only damage sought to be recovered. Defendant denied liability under paragraphs (b) and (e) of the General Exclusions in the policy for water and *855 wave damage, whether driven by wind or not. Special Term below upheld this defense and dismissed the complaint.
To determine the meaning of a policy the court must look to the fair and reasonable construction of the policy (Harris v Allstate Ins. Co., 309 NY 72; Pan American World Airways v Aetna Cas. & Sur. Co., 505 F2d 989) in conjunction with the contemplation of the parties (Goldstein v Standard Accident Ins. Co., 236 NY 178; Harris v Allstate Ins. Co., supra). Not only are matters excluded construed to refer to their distinctive and peculiar properties while acting upon an object (Harris v Allstate Ins. Co., supra; Clark v Fid. & Guar. Fire Corp., 39 NYS2d 377) but these exclusions do not apply when the object survived similar occurrences without damage and was damaged only when involved with a covered peril (Gillis v Sun Ins. Office, 238 Cal App 408; Sabella v Wisler, 59 Cal 2d 21).
It is clear that the parties to the policy under review intended to cover damage to the pier by a boat. Defendant argues, however, that the damage resulted from the water and waves impelling the boat into the pier. While this argument might have merit relative to damage to the boat itself (see Clark v Fidelity & Guar. Fire Corp., supra; Wheelock v American Fire & Cas. Co., 414 SW2d 61 [Texas]; Matthews v Shelby Mut. Plate Glass & Cas. Co., 46 NE2d 473 [Ohio]; Friedman v Insurance Co. of North Amer., 4 Wis 2d 641) the exclusion is inapplicable to the damages done by the boat to the pier.
In light of the conceded facts and of the applicable legal principles, we conclude that the policy did not exclude the damages involved herein.
Order, entered July 2, 1975, reversed, with $10 costs, plaintiffs motion for summary judgment granted with an assessment of damages, and defendant’s cross motion denied.
Concur: Markowitz, P. J., Tierney and Riccobono, JJ.