**HORTON MANUFACTURING
CO., INC., Appellee,**

v.

**TOL–O–MATIC INC.;  William
Toles, Appellants.**

**Nos. 91–3014, 91–3501.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1992.

Decided Aug. 24, 1992.

John M. Mason, Minneapolis, Minn., argued (Susan S. Byers, on the brief), for appellants.

J. Patrick McDavitt, Minneapolis, Minn., argued (Janel E. LaBoda and Bruce A. Nemer, on the brief), for appellee.

Before WOLLMAN and HANSEN, Circuit Judges, and ROY,[*] Senior District Judge.

ROY, Senior District Judge.

William Toles and Tol–O–Matic, Inc. (hereinafter collectively "Tol–O–Matic") appeal from the judgment of the district court[1] enjoining Tol–O–Matic from manufacturing industrial clutches substantially similar to those made by Horton Manufacturing Co., Inc. and awarding Horton damages and attorneys' fees.  For the reasons set forth below, we affirm.

**I.**

Horton and Tol–O–Matic are competitors in the manufacture and sale of industrial clutches.  In early 1985, Horton became aware that Tol–O–Matic was manufacturing and selling certain clutches (the "ADAM Products") which bore significant similarity to Horton's "Air Champ" clutches.  Horton filed suit against Tol–O–Matic in July of 1985 alleging patent and trademark infringement and unfair competition.  Tol–O–Matic denied the allegations of Horton's complaint and contended by way of counterclaim that Horton's patents were invalid.  In May of 1989, on the eve

---

[*] The HONORABLE ELSIJANE TRIMBLE ROY, United States Senior District Judge for the Eastern District of Arkansas, sitting by designation.

[1] The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

of trial, the parties executed a Settlement Stipulation and Order (hereinafter "Stipulation") which terminated the litigation.[2]

Pursuant to the Stipulation, Tol–O–Matic agreed to "immediately cease making or having made for them any of the Adam Products, or any like products ... with a configuration that includes any of [a number] of identifiers listed ... on Attachment 1 hereto." Settlement Stipulation and Order, p. 2. One such identifier, of particular relevance on this appeal, was "[a] plurality of uninterrupted concentric circles."

After learning that Tol–O–Matic was producing and marketing a modified ADAM clutch similar in design to its own, Horton filed a motion to enforce the settlement in September of 1990. Following an evidentiary hearing during which expert testimony for both sides and models of the clutches were presented, the district court found that Tol–O–Matic had breached the Stipulation and granted Horton's request for entry of a permanent injunction, which bars Tol–O–Matic from producing clutches with a "configuration that is substantially the same as those in the prohibited products and articulated as identifiers in the settlement." On August 21, 1991, Tol–O–Matic appealed the injunction and filed a motion asking the district court to amend its findings and conclusions and modify the injunction. In an Order and Judgment dated October 15, 1991, the District Court denied the motion to amend and modify and entered judgment for Horton in the amount of $20,423.01 in damages based on Tol–O–Matic's sales of the offending products and $63,188.06 in attorneys' fees and costs incurred.

On October 25, 1991, Tol–O–Matic appealed from the October 15 judgment. These matters have been consolidated for consideration on appeal.[3]

## II.

Tol–O–Matic contends that the district court unfairly "modified" the Stipulation by interpreting it too broadly. More specifically, Tol–O–Matic maintains that the district court erred in finding that it was prohibited by the Stipulation from using a clutch configuration substantially the same as any of the identifiers listed in the settlement. Tol–O–Matic argues that the parties did not agree to such a limitation, but even if it were appropriate to consider "substantial similarity," the district court should have judged the similarity of the clutches as a whole, which Tol–O–Matic claims was minimal, rather than the similarity of certain isolated characteristics of those clutches.

Horton asserts that the district court interpreted the agreement in a sound and logical fashion. It points out that the Stipulation prohibits Tol–O–Matic from making products having a configuration "substantially the same as the ADAM Products ... with a configuration that includes any of the identifiers listed [in the attachments to the Stipulation.]"

The district court found that "[t]he settlement prohibits Tol-o-Matic from using a configuration substantially the same as any of the identifiers listed in the settlement." The district court further concluded that Tol–O–Matic is prohibited from making or having made for them any product that is substantially the same as the prohibited ADAM clutch.

■ It appears that both parties now suggest that the terms of the Stipulation are unambiguous.[4] Indeed, the district court was able to interpret the document by utilizing a "common sense reading of the plain language of the settlement." Where the district court has interpreted an unambiguous written document, the standard of review by this Court is *de novo*.

**2.** However, pursuant to paragraph 11, the district court retains jurisdiction for the purpose of enforcing the Stipulation.

**3.** Tol–O–Matic states in its brief that "[a]lthough we believe the trial court committed error in its computations [in awarding Horton damages and attorneys' fees pursuant to paragraph 12 of the Stipulation], we do not press these issues upon this appeal."

**4.** There is some disagreement in the briefs whether Tol–O–Matic at one time considered at least some of the language of the Stipulation ambiguous.

*Case International Co. v. T.L. James and Co., Inc.,* 907 F.2d 65 (8th Cir.1990).

In this diversity case we must apply the substantive law of the State of Minnesota. Under Minnesota contract law, in construing a contract one should ascertain and give effect to the intention of the parties as expressed in the language used. *Froysland v. Leef Bros., Inc.,* 293 Minn. 201, 197 N.W.2d 656 (1972); *Grimes v. Toensing,* 201 Minn. 541, 277 N.W. 236 (1937). We are not persuaded by Tol–O–Matic's argument that as used in the Stipulation the phrase "substantially the same" modifies only "Affected Products" and not the other requirements and limitations set out therein. In light of the circumstances surrounding the dispute between these parties, we cannot accept the strained construction urged by Tol–O–Matic which would only minimally advance Horton's interest in protecting its patent and trademark. After reviewing all relevant matters of record *de novo,* we agree with the district court's straightforward interpretation of the Stipulation and find no merit in Tol–O–Matic's argument that the district court improperly modified or incorrectly construed the settlement agreement.

Tol–O–Matic further argues that, no matter what interpretation is given the terms of the Stipulation, the district court erred in finding that the configuration it used in the modified ADAM clutch was substantially the same as the prohibited configuration described as a "plurality of uninterrupted concentric circles." Again, Tol–O–Matic maintains that the district court should have considered the similarity of the clutches as a whole rather than the similarity of one or more of their characteristics.

Horton asserts that Tol–O–Matic's argument that the district court was required to consider the similarity of the whole clutches and not their components is defeated by the plain language of the Stipulation which prohibits production of clutches with a configuration substantially the same as the ADAM Products or any of the six identifiers listed in the attachment. Moreover, Horton suggests that the testimony of both experts established that the pilot end configuration of the modified ADAM clutch is substantially similar to the prohibited plurality of uninterrupted concentric circles configuration.

The district court had the opportunity to compare actual models of both clutches, aided by the testimony of the expert witnesses, and then the court made its own determination of substantial similarity. In deciding for Horton upon its motion, the district court found that although the pilot end of the modified ADAM clutch does not constitute a plurality of uninterrupted concentric circles *per se,* it is substantially the same as the prohibited configuration and, thus, violative of the settlement agreement. In so finding, the district court adopted the proposition that a defendant has an obligation, by virtue of an injunction in a settlement, to "do more than see how close it can come with safety to that which it was enjoined from doing," quoting *AMF Incorporated v. International Fiberglass Co., Inc.,* 469 F.2d 1063, 1065 (1st Cir.1972).

We review a district court's findings of fact under the clearly erroneous standard. *Paramount Pictures Corporation v. Metro Program Network, Inc.,* 962 F.2d 775 (8th Cir.1992). The district court's determination of substantial similarity is a finding of fact requiring application of this standard. *See, e.g., Donald Frederick Evans & Associates, Inc. v. Continental Homes, Inc.,* 785 F.2d 897 (11th Cir.1986). After seeing and hearing the evidence presented, the district court made specific findings of fact with respect to the Stipulation and its application to the modified ADAM clutch. Upon the record before us, we cannot say that the district court erred in finding that the configuration of the modified ADAM clutch was substantially the same as the plurality of uninterrupted concentric circles configuration prohibited by the Stipulation.

For all of the foregoing reasons, the judgment of the district court is affirmed.