DORA JOEL v. PETER DALE GARAGE AND ANOTHER.
SAME v. BEN BLUMBERG.
PETER DALE AND HARDWARE MUTUAL CASUALTY
INSURANCE COMPANY, INTERVENERS.[1]

January 5, 1940.

Nos. 32,175, 32,202.

[1]Reported in 289 N. W. 524.

*Charles H. Weyl,* for relators-appellants.

*Streissguth & Gislason,* for respondent.

GALLAGHER, CHIEF JUSTICE.

By stipulation these two appeals are considered together. One seeks to review by *certiorari* an order of the industrial commission awarding benefits under the workmen's compensation act (L. 1937, c. 64, § 5, 3 Mason Minn. St. 1938 Supp. § 4272-5). The other is an appeal from an order of the district court of Brown county denying interveners' motion to amend a prior order of that court directing the distribution of the proceeds of a settlement under the death by wrongful act statute. 3 Mason Minn. St. 1938 Supp. § 9657. The two appeals involve the same question, *i. e.,* whether such proceeds should be distributed to decedent's next of kin under the wrongful death statute or to his dependents under the workmen's compensation act.

On December 30, 1937, while operating an automobile in the course of his employment as a salesman for Peter Dale Garage of Fairfax, Minnesota, one Martin Joel sustained accidental injuries in a collision with another automobile owned and operated by one Ben Blumberg resulting in the death of Joel. Thereafter the widow, Dora Joel, was appointed special administratrix of her husband's estate and brought an action in district court under the wrongful death statute to recover damages against Blumberg. This action resulted in a verdict in plaintiff's favor for $10,000. The case was subsequently settled for $9,500, and the proceeds

of such settlement, amounting to $6,945.05 after deducting funeral expenses, medical expenses, attorneys' fees, and court costs, were distributed by order of the district court according to the provisions of the wrongful death statute to the widow and eight surviving children, three of whom were minors and dependents within the meaning of the workmen's compensation act. By the order of distribution, which bears date June 10, 1938, the widow received $2,315.02 and each of the eight children received $578.76.

On June 24, 1938, Mrs. Joel filed with the state industrial commission a petition claiming benefits in behalf of herself and the three children who were dependents under the workmen's compensation law. Her petition, in addition to alleging the usual jurisdictional and other facts, set forth the facts concerning the district court settlement. It demanded benefit payments in the sum of $7,500, the limit fixed by the compensation act, less the sum received by the widow and three dependent children in the district court settlement. The employer and insurer answered admitting liability but claiming credit for the entire net proceeds of the district court settlement, including the sums received by the five children who were not dependents. The referee found for petitioner, giving credit only for the amount received by the widow and dependent children, and on appeal his decision was affirmed by the commission. The order of affirmance bears date May 3, 1939.

On August 11, 1938, the employer and insurer, on notice to plaintiff, petitioned the district court to vacate its order of distribution and to make an order directing the distribution of all of the proceeds of such settlement to the widow and dependent children in accordance with the provisions of the workmen's compensation act to the exclusion of the five children who were next of kin but not dependents. The district court denied the motion, basing its decision on the ground that it lacked the power under 2 Mason Minn. St. 1927, § 9283, to amend or vacate its previous order.

The wrongful death act, 3 Mason Minn. St. 1938 Supp. § 9657, provides in part:

"When death is caused by the wrongful act or omission of any person or corporation, the personal representative of the decedent may maintain an action therefor if he might have maintained an action, had he lived, for an injury caused by the same act or omission. The action may be commenced within two years after the act or omission. The damages therein cannot exceed $10,000.00, and shall be for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate;  *  *  *."

The personal property of a man dying intestate and leaving surviving him a widow and more than one child is so distributed that the widow gets one-third and the balance is divided, share and share alike, among the children without reference to dependency. 3 Mason Minn. St. 1938 Supp. § 8992-29.

No action for wrongful death existed at common law, but such action was created by Lord Campbell's Act (9 & 10 Victoria, c. 92) passed in England in 1846. Early in its history this state enacted a similar wrongful death statute which appeared in G. S. 1866 as § 2 of c. 77. Save that the damages recoverable were limited to $5,000, that section was substantially the same as the present law. By L. 1911, c. 281, the amount of recovery was increased to $7,500, and by L. 1935, c. 325, it was again increased to $10,000. It should be noted that the last increase occurred subsequent to the enactment of the workmen's compensation act, to which reference will now be made.

The section of the workmen's compensation act fixing liability of persons other than an employer, 3 Mason Minn. St. 1938 Supp. § 4272-5(2), provides:

"Where an injury or death for which compensation is payable is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party being at the time of such injury or death insured or self-insured in accordance with Section 2 of this Act, but where the provisions of subdivision 1 of this section do not apply, or where said party or parties other than the employer are not insured or

self-insured at time of such injury or death as provided by Section 2 of this Act, legal proceedings may be taken by the employe or dependents against such other party or parties to recover damages, notwithstanding the payment by the employer or his liability to pay compensation hereunder, but in such case, if the action against such other party or parties is brought by the injured employe, or, in case of his death, by his dependents, and a judgment is obtained and paid or settlement is made with such other party, either with or without suit, the employer shall be entitled to deduct from the compensation payable by him the amount actually received by such employe or dependents after deducting costs, reasonable attorney's fees and reasonable expenses incurred by such employe or dependents in making such collections or enforcing such liability; * * * provided that if the injured employe, or, in case of his death, his dependent, shall agree to receive compensation from the employer or shall institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all of the rights of such employe or dependents, and may maintain, or, in case an action has already been instituted, may continue the action, either in the name of the employe or dependents or in his own name, against such other party for the recovery of damages; * * * but such employer shall, nevertheless, pay over to the injured employe or dependents all sums collected from such other party or parties, by judgment or otherwise, in excess of the amount of such compensation payable by the employer under the Workmen's Compensation Act, and costs, reasonable attorney's fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability; *provided that in no case shall such party be liable to any person other than the employe or his dependents for any damages growing out of or resulting from such injury or death."*

This provision can be traced to the original workmen's compensation act (L. 1921, c. 82, § 31 [2]) and has continued in practically its present form since 1923. L. 1923, c. 279, § 1(2).

Appellant contends that the legislature by the enactment of the provisions of the workmen's compensation law referred to intended to amend or supplement the wrongful death act so as to require the distribution of sums recovered in a case like the one under consideration to the dependents rather than to the heirs at law. There would be little difficulty in reconciling the two acts were it not for the italicized proviso in § 4272-5(2). The presence of this proviso creates a seeming conflict between the section of which it is a part and the provisions of the wrongful death statute. Consequently, we are confronted with the question as to whether the legislature by inserting the provision in question in § 4272-5(2) intended to amend or limit § 9657 so as to deprive the next of kin who were not dependents of rights long secured to them by that statute and to award such rights exclusively to those who were dependents of the deceased within the meaning of the compensation law.

No decision from this or any other jurisdiction has been found or called to our attention which is directly in point. We do have the aid of Chief Justice Brown's statement in Fidelity & Cas. Co. v. St. Paul G. L. Co. 152 Minn. 197, 199, 188 N. W. 265, where he said:

"A careful reading of the pertinent provisions of the compensation act discloses no language indicating a legislative purpose or intent by the third party provisions thereof of creating any new remedy for the death of an employe by the negligent act of a person other than his employer. A remedy for a wrong of that character existed at the time of the passage of the compensation statute, under the death-by-wrongful-act statute, * * * and there was no occasion for supplementing or adding thereto by further legislation. * * * The intention to preserve and continue existing remedies is clear."

See also McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714.

Other courts have considered the question of the respective rights of next of kin under wrongful death statutes and dependents under compensation acts. In re Zirpola v. T. & E. Cassel-

man, Inc. 237 N. Y. 367, 143 N. E. 222; U. S. F. & G. Co. v. Graham & Norton Co. 254 N. Y. 50, 171 N. E. 903; Doleman v. Levine, 295 U. S. 221, 55 S. Ct. 741, 79 L. ed. 1402. The workmen's compensation statutes under consideration in the cases referred to are similar to ours except that they do not contain the provision found in our statute to the effect "that in no case shall such party be liable to any person other than the employe or his dependents for any damages growing out of or resulting from such injury or death." That clause aside, the decisions are otherwise helpful. The opinion in In re Zirpola v. T. & E. Casselman, Inc. 237 N. Y. 367, 143 N. E. 222, 224, was written by Mr. Justice Cardozo. He said [237 N. Y. 372]:

"We think the cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Act except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the distributive shares of next of kin who claim as dependents also. The Compensation Act did not create a new cause of action against wrongdoers other than the employer with a new class of beneficiaries. It found a cause of action already in existence, and assuming that this cause of action would continue in the future, it fixed the extent to which the shares that belonged to the dependents should be applied in reduction of the burdens that were placed upon the carrier. Those entitled to death benefits might elect to take the benefits at once, in which event they were to subrogate the carrier to the extent of their interest in whatever rights of action they had against persons other than the employer. They might elect to resort in the first instance to their remedy against others, in which event if they made claim thereafter for death benefits payable by the employer, they were to credit what they had collected, and be confined to the deficiency. The end to be attained is readily perceived. There was to be no duplication by the same persons of remedies under the two statutes, the old one and the new. * * * The Workmen's Compensation Act regulates the relation, not between a workman and the world at large, but be-

tween workman and employer. It does indeed wipe out the right of action against the employer, whether in favor of the workman himself or in favor of his personal representatives for the benefit of next of kin  *  *  *  In doing this, it charges the employer with liabilities of a different order. It leaves untouched, on the other hand, the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance. A dependent who is also within the class of next of kin may get his distributive share under the old act and thereafter his benefits under the new one, but what he gets upon the first, he must credit upon the second."

We think that the legislature did not intend to amend the wrongful death statute when it enacted what is now § 4272-5(2) of the workmen's compensation act. In the first place, we believe that if an amendment was intended it would have been attempted in a different manner than by inserting a conflicting clause in a later statute. The wrongful death act has been a part of our law for over half a century. During the years which intervened from its enactment to the date of the first workmen's compensation law in this state (1921), its attributes became well fixed in the minds of those concerned with its application. It is but reasonable to expect that any change thereof would be made in a way clearly indicating that modification was intended. Such is not the case here. The provision of § 4272-5(2) which seems to conflict with the wrongful death act is in the form of a proviso— a device usually employed by those drafting legislation to modify the section of the law to which the proviso is appended.

Administrative difficulties would necessarily arise if the section of the compensation law under consideration be given the construction contended for by appellant. Some of these difficulties are referred to in the opinion of Mr. Justice Cardozo in In re Zirpola v. T. & E. Casselman, Inc. 237 N. Y. 367, 143 N. E. 222. It is evident that others would be found to exist. The element of dependency is not involved in the wrongful death statute. The

element of pecuniary loss is. Masek v. Hedlund, 162 Minn. 291, 202 N. W. 732. The limit of liability under the wrongful death statute is $10,000 while under the compensation act it is only $7,500. These administrative difficulties of themselves would not be controlling, but they do have some bearing on the question as to whether the legislature intended to amend or supplement the provisions of the workmen's compensation act in the manner claimed.

Finally, we can conceive of no reasonable motive which might have prompted the legislature to desire such an amendment. The fact that an injury causing death is one for which compensation is payable certainly does not make dependents more deserving or third-party wrongdoers less culpable. Why, then, should the legislature wish to limit recovery to dependents where the injury is one for which compensation is payable but not so to limit recovery where compensation is not payable? Even though we grant for the sake of argument that the legislature might reasonably desire to benefit dependents or wrongdoers at the expense of the next of kin who are not dependent, this end would not be accomplished in a reasonable manner by the amendment which appellant contends we should find. To effectuate such a purpose, limitation of recovery to dependents in all cases would be necessary.

We might also add in passing that the proviso of § 4272-5 (2) which limits the liability of wrongdoing third parties to dependents of the deceased is, on its face, inconsistent with the preceding part of the same section which enables an employer to maintain an action against such third party when the dependents elect to receive compensation. Yet it would not be contended that the seeming conflict deprives the employer of this right.

Just what the legislature had in mind when it added the questionable provision to the compensation law we do not know. It may have intended to preclude employers who had paid compensation from seeking in an action against a third person not only the damages caused the dependents but also the damages caused the employer by reason of the loss of the employe as was at-

tempted in Northern States Contracting Co. v. Oakes, 191 Minn. 88, 253 N. W. 371, 92 A. L. R. 1201. We are of the opinion, however, that it did not intend to change the wrongful death act so as to affect the next of kin for whose benefit it was enacted.

The decision of the industrial commission and the order of the trial court are affirmed. Seventy-five dollars attorneys' fees in addition to the usual taxable costs and disbursements are allowed respondents in the compensation case.

Affirmed.

