## VICTORIA WAGNER v. CITY OF DULUTH.[1]

November 14, 1941.

No. 32,965.

*Harry E. Weinberg,* City Attorney, and *Albert R. Scanlon,* Assistant City Attorney, for appellant.

*Fryberger, Fulton & Boyle, C. G. Lindquist,* and *Westley W. Silvian,* for respondent.

HILTON, JUSTICE.

Dewey Wagner, a WPA worker, was fatally injured on July 19, 1939, when he was struck by a piece of pavement which slid into the ditch where he was working to remove rock and debris present there as a result of blasting operations conducted by defendant, city of Duluth. That city, in association with the Works Progress Administration, was engaged in a city-wide project to remodel and alter the gas and water mains. The blasting operations, however, were the separate responsibility of the city. Though employed by WPA, decedent was properly helping defendant's employes with the blasting.

[1] Reported in 300 N. W. 820.

This action is brought by Victoria Wagner, decedent's wife, as special administratrix, to recover for the city's negligence in causing her husband's death. The answer, after denying negligence and alleging contributory negligence and assumption of risk, contained four allegations which were stricken below as sham and frivolous. In substance, these aver that decedent was properly within the scope of his employment by the federal government and that his dependents were, under federal law, entitled to, and are receiving, compensation from that source. Under Mason St. 1940 Supp. § 4272-5(1), defendant claims that this acceptance of compensation is a bar to the bringing of this action. The trial judge, however, took the view that receipt of compensation from the federal government was immaterial, and that the Minnesota workmen's compensation law had no application. It is from the order striking these allegations that this appeal is taken.

Wagner's dependents were compensated in this case under a federal law which requires the United States to "pay compensation * * * for the * * * death of an employee resulting from a personal injury sustained while in the performance of his duty." 5 U. S. C. § 751 [5 USCA, § 751]. Wagner died in consequence of personal injuries sustained in line of duty. If that death "is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor" (here alleged to be defendant), the United States Employees' Compensation Commission "may require the beneficiary to assign to the United States any right of action he may have to enforce such liability * * * or the commission may require said beneficiary to prosecute said action in his own name." 5 U. S. C. § 776 [5 USCA, § 776]. However, where the commission has not acted in the matter, the beneficiary may nevertheless prosecute the action. See 5 U. S. C. § 777 [5 USCA, § 777]; Lassell v. City of Gloversville, 217 App. Div. 323, 217 N. Y. S. 128; Chiles v. Rohl, 47 S. D. 580, 201 N. W. 154; Oklahoma City v. Caple, 187 Okl. 600, 105 P. (2d) 209; Wood v. Ford Garage Co. Inc. 162 Misc. 87, 293 N. Y. S. 999. But, since one of the purposes of the statute is to

make the United States whole in respect to compensation paid or payable, any recovery from the action is applied or credited to that end. See 5 U. S. C. § 777 [5 USCA, § 777]. This provision makes it clear that only to the extent of its contribution is the United States interested in the cause of action against the third person.

Whether the death of Wagner was "caused under circumstances creating a legal liability upon some [other] person" must naturally depend upon the laws of the state creating the liability. This state imposes liability for wrongful death. Mason St. 1927, § 9657. If, in fact, the defendant's negligence was responsible for Wagner's death, then it would have been "caused under circumstances creating a legal liability," unless there is a valid defense to the action. Aside from the ordinary common-law defenses to this action, defendant here insists that it has a defense arising out of the Minnesota compensation act. Mason St. 1940 Supp. § 4272-5 (1).

Whenever applicable, § 4272-5 (1) limits an injured employe or his dependents to a choice between receiving "compensation from the employer," or proceeding at law against the third party for damages. To be applicable, however, both the employer and the third party must have been "insured or self-insured," and, at the moment of injury, must have been "engaged in the due course of business (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises." Where "compensation" has been chosen by the employe, the employer who pays it is to that extent subrogated to the rights of the employe and may sue the third party liable for the injury.

The argument is that defendant and decedent's employer were, at the moment of injury, engaged in furthering a common enterprise or in accomplishing the same or related purposes. Since, it is said, the federal government, like defendant, must be deemed a "self-insurer" within § 4272-5 (1), and since the dependents have "elect[ed] to receive compensation from the employer," therefore

they cannot now maintain this action. The defendant contends that its only liability is to reimburse the federal government in a subrogation suit for the compensation paid by it.

Although defendant does not contend that the United States is subject to the Minnesota workmen's compensation law, it does insist that the word "compensation" as used in § 4272-5(1) means "compensation from any source." Thus it claims the election by Wagner's dependents to accept federal compensation made § 4272-5(1) applicable. Further, had not the legislature intended "compensation" to have this meaning, it would have so stated.

We believe that the legislature has manifested its intention in this respect very clearly. Section 4272-1 provides that "all employers * * * shall be subject to the provisions of the Workmen's Compensation Law, and *every such employer shall be liable for compensation.*" This makes it too plain for argument that when the legislature in § 4272-5(1) spoke of receipt of compensation as an election not to proceed against the third party, it was referring to "compensation" payable by an employer who was subject to the Minnesota act. Defendant concedes that the act has no application to the United States or its agencies. With respect to the argument that the federal government, being financially responsible, should be deemed a "self-insurer" within § 4272-5(1), it is enough to say that the permission for, and the manner of, self-insurance are subject to the limitations of § 4272-2, with which, of course, the federal government has never complied.

Order affirmed.