JOHN S. NYQUIST, Jr., SPECIAL ADMINISTRATOR OF
ESTATE OF HARRY S. MATHISON, v.
ROBERT BATCHER.[1]

January 25, 1952.

No. 35,553.

---

[1]Reported in 51 N. W. (2d) 566.

*McGivern & Kennedy* and *Bradford & Kennedy,* for appellant.
*Mordaunt & Mordaunt* and *King & Fenske,* for respondent.

MATSON, JUSTICE.

Defendant appeals from an order sustaining plaintiff's demurrer to certain allegations of his answer.

Plaintiff, as special administrator of decedent's estate, brought this action under the statute for death by wrongful act, M. S. A. 573.02, to recover $10,000 damages for the death of decedent for the benefit of decedent's widow and three children, as next of kin. On August 3, 1949, decedent, Harry S. Mathison, who was then employed as the operator of an oil transport truck of John A. Kuether, doing business as Mille Lacs Transport Company—hereinafter referred to as the employer—received burns and injuries which caused his death as the result of a fire which occurred while he was unloading oil in defendant's bulk oil plant at Staples, Minnesota. The complaint alleges that the injuries and death were caused by defendant's negligence in the maintenance of an electric motor.

Defendant's answer, aside from a denial of negligence, made certain allegations to which plaintiff's demurrer is directed. Pursuant to these allegations, it appears that decedent's dependents, *who are also his next of kin under § 573.02,*[2] instituted proceedings under the workmen's compensation act against the employer, who was insured pursuant to § 176.03. A compensation award of $30 weekly, but not to exceed a total of $10,000, was granted to the dependents *during their dependency,* plus $257.77 for medical and hospital expenses and $350 for burial expenses. Defendant further alleged that the total award is greater than the amount recoverable under the wrongful-death statute; that by the dependents' acceptance of such award

---

[2]See, Joel v. Peter Dale Garage, 206 Minn. 580, 289 N. W. 524; 24 Minn. L. Rev. 719.

the employer became subrogated to, and is the owner of, all the rights of such dependents in any cause of action against defendant; and that as a result the employer and his insurer are the real parties in interest. It is further alleged that the employer and insurer actually instituted and now maintain this action, and that they will own in its entirety any judgment obtained pursuant thereto under the wrongful-death act. It is further alleged that the employer was contributorily negligent in furnishing to decedent for use in his employment certain defective hoses, couplings, and equipment, and that the accident and decedent's resulting death occurred as a direct and proximate result of such unsafe and defective equipment. Plaintiff's demurrer to these allegations was sustained by the trial court, and from this order defendant appeals.

The primary issue with which we are now concerned is: May contributory negligence of the employer be asserted as a defense by a third-party defendant in an action for damages brought against him by the dependents of an employe for whose death compensation has been paid, or is payable, to them pursuant to § 176.06, subd. 2, of the workmen's compensation act?

■ As a preliminary to the disposal of the primary issue, as it arises upon the demurrer herein, it is to be noted that defendant's allegation that the employer and his insurer are the real parties in interest and will own the entire proceeds of any judgment obtained is a bare conclusion of law and is not admitted by the demurrer. A demurrer admits only well-pleaded material facts and *not* bare conclusions of law. McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714; Robinson v. Butler, 226 Minn. 491, 33 N. W. (2d) 821, 4 A. L. R. (2d) 143.

Defendant asserts that, the employe's dependents having once instituted compensation proceedings and having accepted certain payments of compensation, it necessarily follows, under § 176.06, subd. 2, that the employer has been subrogated to all rights of such dependents; and, further, that their action is in effect now maintained and continued by and for the sole benefit of the employer. The contention that the dependents no longer have any interest in the action

is based on the theory that any damages recovered for them under the wrongful-death act can in no event exceed the total compensation payable to them under the compensation award. In other words, in the event of a recovery of damages for the employe's death, there will be no excess payable to the dependents after first deducting the amount of compensation payable, in that the wrongful-death statute limits recovery to the sum of $10,000, which sum is wholly offset by the compensation award in the same amount. On the assumption that the employer is now the sole party in interest as to any amount which can be recovered, defendant seeks to assert the employer's contributory negligence as a defense under the holdings of this court in Thornton Bros. Co. v. Reese, 188 Minn. 5, 246 N. W. 527, and Standard Accident Ins. Co. v. Minnesota Utilities Co. 207 Minn. 24, 289 N. W. 782.

■ In passing upon the validity of defendant's theory, we shall first consider the authoritative scope of the two decisions cited. The Thornton Bros. decision is clearly confined by its controlling facts—and also by its language of limitation—to the right of a third-party defendant to assert the contributory negligence of an employer *under the first subdivision of the statute, namely, § 176.06, subd. 1,* whereas the instant case arises under subd. 2 thereof. These two statutory subdivisions (§ 176.06, subds. 1 and 2) are at variance with each other as to the nature of the right of recovery granted and as to the parties who are primarily interested.

Under § 176.06, subd. 1, in the case of an employe's injury or death which occurs under circumstances which create a legal liability for damages on the part of any party other than the employer, the employe, or in the case of his death his dependents, may either sue such party at law for damages or, in the alternative, may proceed against the employer for compensation. *One remedy may be pursued to the exclusion of the other, but not both.* By specific language, this subdivision applies only to those cases where the employer liable for compensation and the other party who is legally liable for damages were both either insured or self-insured and, in addition, were both engaged in the due course of business

(a) in the furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof. See, Wagner v. City of Duluth, 211 Minn. 252, 300 N. W. 820. Under this subdivision, as so limited, if an election to receive compensation from the employer is once made by the employe or his dependents, the employer is automatically subrogated to the right of the employe or his dependents against the other party, and may bring legal proceedings against the latter and recover the aggregate amount of compensation and medical expense payable by him to such employe or his dependents, plus costs, disbursements, and reasonable attorney's fees. In other words, a *compensation-receiving* employe and his dependents are wholly barred from any right of action against the third party. Furthermore, the employer has no right of recovery by subrogation unless he has first become liable for payments of compensation; and the amount of his recovery in such case is strictly limited to the aggregate of his compensation liabilities and related expenses *and can in no event include any damages for the employe or his dependents.*[3]

■ Subd. 2 of § 176.06, however, covers all insured or self-insured employers and legally liable third parties who are not covered by subd. 1; *and, in contrast to subd. 1,* an employe, or his dependents in case of his death, may thereunder, irrespective of their right to or acceptance of any compensation, bring an action against such other party for the recovery of any and all damages that may have been sustained, subject only to the condition that any amount recovered shall, after the deduction of costs, reasonable attorney's fees, and expenses, be first applied in repayment to the employer of any compensation payable by him and actually received by the employe or his dependents. If under this subd. 2 of the statute there is once a commencement of compensation proceedings, or an

---

[3]Apparently no other jurisdiction has a workmen's compensation act provision similar to subd. 1 of § 176.06. See, 20 Minn. L. Rev. 323, 324; 15 Minn. L. Rev. 257, 258; Uotila v. Oliver I. Min. Co. 165 Minn. 475, 477, 206 N. W. 937, 938; Gile v. Yellow Cab Corp. 177 Minn. 579, 582, 225 N. W. 911, 912; Thornton Bros. Co. v. Reese, 188 Minn. 5, 7, 246 N. W. 527, 528.

acceptance of compensation, the employer is subrogated to the rights of the employe or his dependents; and he may then start an action, or continue one that has already been started, against such other party *to recover damages, not merely to recover the aggregate amount of his compensation liability.* Anything recovered by the employer in excess of his compensation liability and his costs of reasonable attorney's fees and expenses must be paid over to the employe or his dependents. Throughout subd. 2 of § 176.06, the language clearly bespeaks a legislative intent that the right of recovery against a third party shall be for *damages,* not as measured by the employer's compensation liability, but as measured by the total loss to the employe or his dependents. It follows that any action brought under § 176.06, subd. 2, to recover damages, whether prosecuted or controlled by the employe, by his dependents, or by the employer, *is for the primary benefit of the employe or his dependents,* and that the compensation-paying employer's personal interest therein is purely one of indemnification to the limited extent of his compensation liability.

Under subd. 1 of § 176.06, however, the compensation-receiving employe and his dependents have no interest whatever in a right of recovery against a third party, and such right of recovery is not merely for the primary but for *the exclusive benefit of the employer as a matter of law.* The right of action is not measured by the extent of damages to the employe or his dependents, but solely by the aggregate amount of the employer's compensation liabilities. Subrogation is an equitable remedy; and where, as under § 176.06, subd. 1, it can, as a matter of law, be exercised only for the exclusive benefit of the subrogee—the employer—there is a sound equitable basis for the holding that the subrogee shall not profit by his own wrong, but shall be subject to the defense of contributory negligence. Returning to the Thornton Bros. case, this court therein expressly recognized this principle and limited its decision accordingly when it said (188 Minn. 11, 246 N. W. 530):

*"Under [Mason St. 1927]* § *4291(1), supra* [now M. S. A. 176.06, subd. 1], there is no good reason for holding that the employer may

saddle the burden of the entire compensation for the wrongful death of an employe upon another employe who by his negligence may have joined with the negligence of the employer in contributing to the death. We are of the opinion that *on the issues raised and the manner in which the case was tried* the question of Thornton Bros. Company's negligence was properly submitted to the jury; \* \* \*." (Italics supplied.)

Not only was the Thornton Bros. decision by fact and language limited to subd. 1, but it was further limited *by the issues raised and the manner in which the case was tried.* The issues actually raised were indicated by the court when it said (188 Minn. 7, 246 N. W. 528):

"*The issue of the contributory negligence of plaintiff* [the employer], as well as that of Carlton [the deceased employe], *was created by the pleadings; evidence was introduced to prove the same.* The assignments of error here on appeal *do not call in question adverse rulings, if any,* on the submission of evidence relative thereto, nor is the sufficiency of the evidence to establish such contributory negligence questioned by any assignment of error. All the assignments presented here, however, are directed to the submission to the jury of the question of the contributory negligence on the part of Carlton (not raised in the motion for a new trial and hence not here for review, 1 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 358, 358a) *and the submission of the question of the contributory negligence of plaintiff.* We then have for consideration only one question, i. e. may the contributory negligence of the employer, Thornton Bros. Company, be asserted by the employe, Reese, as a defense?" (Italics supplied.)

If we disregard, as we must, certain dicta found in the majority opinion as well as in the dissent, it becomes clear that the Thornton Bros. decision, by reason of its own controlling facts and its specific language of limitation, is not in point because of the fundamental difference in scope and purpose between subd. 1 and subd. 2 of the statute.

■ Our decision in Standard Accident Ins. Co. v. Minnesota Utilities Co. 207 Minn. 24, 289 N. W. 782, by its facts falls into the classification of cases covered by subd. 2 of the statute. It is to be noted, however, that, with respect to the issue of the employer's contributory negligence as a defense, the case was decided without regard to any distinction between subds. 1 and 2 of § 176.06. In fact, as revealed by a comparison of the decision itself and the record upon which the appeal was taken, defendant's allegation in its answer as to the employer's contributory negligence as a defense was not challenged by plaintiff's reply, except by general denial. At no stage of the action was such defense challenged by either motion or demurrer. What is more, the trial court's charge to the jury recognized contributory negligence as a defense, and no exception thereto was taken. It follows that upon appeal the theory of the case as tried below was adopted, and there was no occasion to consider the propriety of submitting the defense of contributory negligence to the jury, except from the limited standpoint of the pleadings and the sufficiency of the evidence. This decision has, therefore, no authoritative value upon the interpretation of § 176.06 under either of its subdivisions.

■ As already noted, the right to proceed against a third party which is preserved for the employe, or for his dependents, by § 176.06, subd. 2, notwithstanding compensation coverage, is for the primary benefit of such employe or his dependents. In preserving the employe's right to recover damages from a negligent third party, there is nothing in the statute's language to indicate that this right was to be subject to impairment by permitting the third-party defendant to assert the employer's contributory negligence as a defense. If the legislature had so intended, no doubt words to that effect would have been used. See, Utley v. Taylor & Gaskin, Inc. 305 Mich. 561, 9 N. W. (2d) 842; General Box Co. v. Missouri Utilities Co. 331 Mo. 845, 55 S. W. (2d) 442. The right of the employer, as a subrogee, to indemnification for his compensation liabilities is secondary, and the assertion of his secondary right is no justification for seriously impairing the preferred status of the employe or his dependents.

By its very nature, the suit of a subrogated employer is not one merely for indemnity or reimbursement of the compensation paid or to be paid, but is for the whole cause of action of the injured employe— or his dependents—against a third party who may be responsible in damages for the whole injury. In effect, a plaintiff employer, as a subrogee under § 176.06, subd. 2, becomes a trustee for the benefit of the compensation beneficiaries as to any damages recovered in excess of the compensation liabilities and the costs of collection. See, Utley v. Taylor & Gaskin, Inc. *supra;* Fidelity & Cas. Co. v. Cedar Valley Elec. Co. 187 Iowa 1014, 174 N. W. 709; Graham v. City of Lincoln, 106 Neb. 305, 183 N. W. 569; Clark v. C. M. St. P. & P. R. Co. 214 Wis. 295, 252 N. W. 685; Liberty Mut. Ins. Co. v. Vallendingham (D. C.) 94 F. Supp. 17; General Box Co. v. Missouri Utilities Co. 331 Mo. 845, 55 S. W. (2d) 442; Otis Elev. Co. v. Miller & Paine (8 Cir.) 240 F. 376.[4]

We need not here, however, determine whether the employer's contributory negligence may be asserted as a defense pursuant to § 176.06, subd. 2, where the facts of a particular case clearly establish that the employe or his dependents cannot, over and above the aggregate compensation benefits, possibly have any interest in the proceeds of the judgment which may be recovered. Our decision must be limited to the controlling facts herein; and those facts by no means show that the entire proceeds of a maximum judgment under the wrongful-death act will be for the exclusive benefit of the employer or his insurer. It is to be observed that the wrongful-death act (§ 573.02) specifies that any amount recovered thereunder shall first be applied in payment of the decedent's funeral expenses. The special administrator, in bringing the action in behalf of decedent's spouse and next of kin—and they are here identical with decedent's dependents as an employe under the workmen's compensation act— has alleged the reasonable value of the burial expenses to be $608.84. The workmen's compensation act allows an award of not to exceed $350 for burial expenses. § 176.12, subd. 18. In other words, if the

---

[4]We have not overlooked that certain jurisdictions have decisions to the contrary.

special administrator establishes $608.84 as reasonable funeral expenses, he will inevitably have an interest of $258.84 in the judgment which takes priority over any right of the employer to indemnification for his compensation liabilities. The enactment of the workmen's compensation act neither created any new remedy for the death of an employe by the negligent act of a person other than his employer nor amended the wrongful-death act; and any rights acquired under the latter statute by a deceased employe's dependents, as his spouse or next of kin, stand unimpaired.[5]

Aside from a priority in payment of funeral expenses in excess of the amount allowed by the workmen's compensation act, the special administrator—as well as decedent's spouse and next of kin or dependents, whom he represents—has a greater interest. Significantly, the rights of the deceased employe's wife and children as next of kin under the wrongful-death act are by no means identical with their rights as dependents under the workmen's compensation act.[6] Under the former, any amount recovered is for pecuniary loss and, after the payment of the funeral bill, is to be distributed as personalty to decedent's spouse and next of kin as in case of intestacy *without regard to dependency*. See, 2 Dunnell, Dig. & Supp. § 2601. In contrast, however, an award under the compensation act is based on dependency and not on pecuniary loss. The benefits payable to the employe's spouse and minor children, even though authorized by the award in a certain maximum amount, continue only as long as the status of dependency continues to exist. The right of the wife to continued compensation payments ceases with her remarriage, but not so as to her right to share in the proceeds of any recovery under the wrongful-death act. The compensation-paying burden of the employer, regardless of the amount of the maximum award, is at all times subject to decrease, or even complete termination,

---

[5]Fidelity & Cas. Co. v. St. Paul Gas Light Co. 152 Minn. 197, 188 N. W. 265; Joel v. Peter Dale Garage, 206 Minn. 580, 289 N. W. 524; 24 Minn. L. Rev. 720.

[6]Joel v. Peter Dale Garage, 206 Minn. 580, 289 N. W. 524; 24 Minn. L. Rev. 721.

by a change in the status of the recipients, such as that effected by a remarriage of the wife, the death of any or all of the dependents, or a cessation of dependency of minor children by the attainment of a higher age. § 176.12. If the dependent wife remarries during the pendency of a wrongful-death action, her right to a one-third share under the wrongful-death act stands unimpaired; and this one-third share may far exceed the total of compensation benefits she has theretofore received. It follows that the employer herein—or his insurer[7]—as a subrogee under § 176.06, subd. 2, is not, upon the facts or as a matter of law, the sole party in interest as to the right to the entire proceeds of any recovery against defendant under the wrongful-death act. Without determining whether the defense of the employer's contributory negligence may be asserted by a third-party defendant under § 176.06, subd. 2, when the facts clearly show that the employer will necessarily become entitled to all damages recoverable against such defendant,[8] it is clear that such defense is not available to the third-party defendant, irrespective of which party commences and maintains the action, as long as the beneficiaries of the compensation award have any real interest in the proceeds of the judgment which may be entered against the third-party defendant. This is in accord with decisions of many other jurisdictions.[9]

The order of the trial court is affirmed.

Affirmed.

---

[7]As to rights of insurer as subrogee, see Standard Accident Ins. Co. v. Minnesota Utilities Co. 207 Minn. 24, 289 N. W. 782; 24 Minn. L. Rev. 719.

[8]But, see, Liberty Mut. Ins. Co. v. Vallendingham (D. C.) 94 F. Supp. 17, and cases therein cited, and General Box Co. v. Missouri Utilities Co. 331 Mo. 845, 55 S. W. (2d) 442.

[9]Utley v. Taylor & Gaskin, Inc. 305 Mich. 561, 9 N. W. (2d) 842; Fidelity & Cas. Co. v. Cedar Valley Elec. Co. 187 Iowa 1014, 174 N. W. 709; Graham v. City of Lincoln, 106 Neb. 305, 183 N. W. 569; Otis Elev. Co. v. Miller & Paine (8 Cir.) 240 F. 376; Clark v. C. M. St. P. & P. R. Co. 214 Wis. 295, 252 N. W. 685; Liberty Mut. Ins. Co. v. Vallendingham (D. C.) 94 F. Supp. 17; General Box Co. v. Missouri Utilities Co. 331 Mo. 845, 55 S. W. (2d) 442.