**LuVerne C. SCHNAPPAUF, Plaintiff,**

**v.**

**Everett MARRA and Interstate Bakeries, Inc., a North Dakota corporation, Defendants and Third-Party Plaintiffs,**

**v.**

**OUR OWN HARDWARE COMPANY, a Minnesota corporation, and William Svetin, Third-Party Defendants.**

**Civ. No. 4257.**

United States District Court
D. North Dakota,
Southeastern Division.

July 8, 1968.

---

Lanier, Knox & Shermoen, Fargo, N. D., for plaintiff.

Mackenzie & Jungroth, Jamestown, N. D., for defendants and third-party plaintiffs.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, N. D., for third-party defendants.

## ORDER

RONALD N. DAVIES, District Judge.

The plaintiff LuVerne C. Schnappauf, while a passenger in a vehicle being operated by his co-employee William Svetin, was injured when the vehicle collided with a truck owned by Interstate Bakeries, Inc. and operated by its employee Everett Marra.

After receiving benefits pursuant to Minnesota workmen's compensation statutes, Schnappauf, seeking to recover for the injuries he had sustained in the accident, commenced this action against Interstate Bakeries and its driver-employee Marra, alleging the accident had been caused by the defendants' negligence.

The defendants in their answer denied being negligent and alleged the accident was caused by the negligence of Svetin, driver of the vehicle in which Schnappauf was a passenger, and that Schnappauf had assumed the risk by riding with Svetin.

By third party complaint the defendants joined, as third party defendants, Svetin and Our Own Hardware Company, the latter being the owner (lessor) of the vehicle and employer of both Svetin and Schnappauf. The third party complaint alleges, in part, that:

"That as a direct and proximate result of the gross negligence and carelessness of William Svetin, as set out herein, said accident occurred and that if the said LuVerne C. Schnappauf were injured as he alleges in his Complaint, said injury was directly and proximately caused by the carelessness and gross negligence of the Third Party Defendants as set out herein. "WHEREFORE, Defendants and Third Party Plaintiffs herein demand Judgment against the Third Party Defendants for all sums that may be adjudged against said Defendants and Third Party Plaintiffs or if judgment is entered adjudging Defendants and Third Party Plaintiffs and Third Party Defendants as joint tort feasors that said amounts be divided between them under the appropriate law."

The third party defendants have moved for summary judgment of dismissal of the third party complaint on the grounds that the pleadings, the

deposition and the files and records herein reveal that they are entitled to judgment as a matter of law.

The defendants and third party plaintiffs are seeking either contribution or indemnification from the third party defendants and the parties are in apparent agreement that the law of Minnesota is applicable in determining the effect of that state's workmen's compensation statutes on the defendants' and third party plaintiffs' right to seek either contribution or indemnity from the plaintiff's co-employee and employer.

The Minnesota Supreme Court, discussing the principles governing contribution and indemnity in Hendrickson v. Minnesota Power & Light Company, 258 Minn. 368, 104 N.W.2d 843, held that:

" * * * this court has long held that the Workmen's Compensation Act is intended to control only the rights between employer and employee and does not by its terms prevent contribution or indemnity where appropriate. * * * Nevertheless, the act does affect the right to contribution where the concurrent negligence of the employer and a third party causes injury to an employee. Since workmen's compensation statutes provide that the obligations thereunder are the only liability of the employer to the employee, or his representatives, there is no common liability involving the employer and third party in such situations; and, therefore, there is no grounds for allowing contribution."

■ It is clear that the defendants and third party plaintiffs cannot recover contribution from alleged joint tort feasors who are immune from action with respect to such tort because of a personal defense based upon Minnesota Workmen's Compensation Statutes.[1]

As to indemnity the court in Hendrickson stated that:

" * * * the Workmen's Compensation Act of this state does not preclude the recovery of indemnity from an employer by a third party. However, the circumstances must be such as to require the granting of indemnity under the principles discussed above."

■■ The Court feels it unnecessary to discuss here the principles concerning indemnity as set out by the Minnesota Supreme Court since Fed.Rules Civ. Proc. rule 14(a) requires that a defendant may serve a third party complaint only upon a person "who is or may be liable to him for all or part of the plaintiff's claim against him." A defendant cannot bring in a third party merely because the third party is or may be liable to the plaintiff. National Mutual Ins. Co. of District of Columbia v. Liberty Mutual Ins. Co., 196 F.2d 597 (D.C.App.1952).

In seeking indemnity the defendants and third party plaintiffs are not attempting to bring in one who may be secondarily liable to them in event of their own liability, but are attempting to cast all fault for the accident upon the third party defendants. This they cannot do since rule 14(a) operates only where the original defendants seek to establish secondary liability of a third party in the event that he himself is held liable. Frankel v. Back, D.C., 37 F.R.D. 545; National Fire Ins. Co. of Hartford v. Daniel J. Keating Co., D.C., 35 F.R.D. 137.

The motion of the third party defendants, Our Own Hardware Company and William Svetin, for summary judgment of dismissal of the third party complaint must be and it is hereby granted.

---

1. The same result would be reached applying the law of North Dakota. See White v. McKenzie Electric Cooperative, Inc., (D.N.D.1964) 225 F.Supp. 940.