**Paul F. SARGENT, Plaintiff,**

v.

**AXEL H. OHMAN, INCORPORATED, a Minnesota corporation, Defendant.**

**No. 4–71 Civ. 665.**

United States District Court,
D. Minnesota,
Fourth Division.

June 12, 1972.

Grose, Von Holtum, Von Holtum, Sieben & Schmidt, by Clint Grose, Minneapolis, Minn., for plaintiff.

Rider, Bennett, Egan, Johnson & Arundel, by William T. Egan, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

This is a personal injury action brought by an employee who is receiving workmen's compensation payments from his employer's insurer, against a third-party whose claimed negligence caused or contributed to his injury. Such an action is permitted under Minn.Stat. § 176.061 Subd. 5. Defendant moves to have the employer's insurer, the Liberty Mutual Insurance Company, made an involuntary plaintiff under Rule 19(a) of the Federal Rules of Civil Procedure. This Company itself has not sought to join nor to intervene in the suit and in fact has evidenced its desire to the contrary. Under the Minnesota Workmen's Compensation Act plaintiff is prohibited from suing his employer for negligence as at common law, Minn.Stat. § 176.031. Defendant's principal argument is that under the Minnesota Act, specifically Minn.Stat. § 176.061 Subd. 7, the insurer, in addition to being subrogated to the employer's rights against a negligent third-party for all compensation payments made, has a separate and independent cause of action against a third-party tort feasor, to the extent of medical payments—in this case said to be some $25,000 to date—which it makes or has made to the employee; that if Liberty Mutual not be joined, defendant may be subject to a later separate suit based on said Subd. 7; that to accomplish justice all parties in interest should be joined; and that it should be able to assert the employer's contributory negligence against it at least to the

extent the employer, through its insurer, has a separate cause of action under Subd. 7.

The force of defendant's argument has to a large extent disappeared by the filing by plaintiff's counsel after the hearing on defendant's motion, two stipulations by the claims manager of Liberty Mutual Insurance Company, the first reading in part as follows:

"That, by virtue of the authority conferred upon me as Claims Supervisor of Liberty Mutual Insurance Company, it is hereby stipulated and agreed that the Liberty Mutual Insurance Company agrees to be bound by the results of the action of Paul Sargent for any and all rights that they now have or may have in the future by reason of subrogation against Axel H. Ohman, Inc., a Minnesota corporation. That, the stipulation is made so that the subrogation interest and future subrogation interests, if any, may be decided and may be presented as an integral part of the employee, Paul Sargent's, cause of action against said Defendant, and, thereby, have the possibility of duplicity of suits against said Defendant eliminated."

The second stipulation makes it clear that the company includes under the above any separate right of action it might have under Subd. 7. The original of these documents have been filed with the clerk of court and would seem to remove any possibility of an additional suit against defendant on this account.

Defendant raises the further point that the employer, Preston-Haglan Company was itself guilty of negligence and that if such concurred with any negligence of defendant, defendant ought to be entitled to contribution and a determination under Minn.Stat. § 604.01 Subd. 1 or otherwise, of the percentage of negligence attributable to each. Plaintiff's counsel has no objection and in fact has suggested that defendant could make the employer, Preston Hagland Company, a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure if it wished. Defendant seems unwilling to accept this suggestion, evidently correctly believing that such procedure is available only for indemnity and not for contribution.

The Minnesota law on this subject has been stated in several cases:

Keefer v. Al Johnson Construction Co., Minn., 193 N.W.2d 305 at p. 311 (1971), where the court stated:

"An employer operating under the Workmen's Compensation Act cannot be a joint tortfeasor with the third party injuring his employee because the act extinguishes the liability of the employer to the employee for negligence, and there can be no common liability to the employee. We accordingly hold that, under the facts in this case, there was no common source of liability between the employer-subcontractor and the third-party contractor, and, accordingly, there could be no issue of comparative negligence between them. Minn.St. 60401. . . ."

Froysland v. Leef Bros., Inc., Minn., 197 N.W.2d 656 (May 12, 1972), where it is stated at p. 659:

"2. Defendant claims error in not being allowed to submit evidence relating to negligence of FCC as the employer. Plaintiff's sole recourse against the employer is under our Workmen's Compensation Act. In Nyquist v. Batcher, 235 Minn. 491, 51 N.W.2d 566 (1952), we said that the employer's contributory negligence was not available to a third-party tortfeasor as long as the beneficiary of a compensation award has any real interest in the proceeds of a judgment against the third party. We there said:

'. . . The right of the employer, as a subrogee, to indemnification for his compensation liabilities is

secondary, and the assertion of his secondary right is no justification for seriously impairing the preferred status of the employee or his dependents.' 235 Minn. 498, 51 N. W.2d 571.

Minn.St. 176.061, subd. 7, enacted in 1953, did not affect the employee's right to sue for all damages incurred as a result of a third party's negligence. . . ."

Kipka v. Chicago & Northwestern Ry., 289 F.Supp. 750 at p. 753 (D.Minn. 1968), where this court stated:

"Under the Minnesota Workmen's Compensation Act, an injured employee is barred from any suit for damages against his employer. Minn.Stat. § 176.031. However, an employer may sue a third party tortfeasor for damages, notwithstanding the payment to him of compensation by his employer, where the third party is not engaged in a common enterprise with the employer or covered by the Act. Minn.Stat. § 176.061(5). In addition, such third party has been permitted to bring an indemnification action against the employer for an amount based on the third party's liability to the employee even though the employee could not sue the employer directly. In this regard, it is said that the Workmen's Compensation Act does not encompass nor limit the rights of a third party against the employer. See Hendrickson v. Minnesota Power & Light Co., 258 Minn. 368, 104 N.W.2d 843 (1960); Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355, 43 A.L.R.2d 865 (1954)."

See also Schnappauf v. Marra, 285 F. Supp. 917, 919 (D.N.D.1968):

"It is clear that the defendants and third party plaintiffs cannot recover contribution from alleged joint tort feasors who are immune from action with respect to such tort because of a personal defense based upon Minnesota Workmen's Compensation Statutes.
.    .    .    .    .    .

.  .  . A defendant cannot bring in a third party merely because the third party is or may be liable to the plaintiff. National Mutual Ins. Co. of District of Columbia v. Liberty Mutual Ins. Co., [90 U.S.App.D.C. 362] 196 F.2d 597 (1952)."

It is of course clear that an action by the employer—or its insurer—may be brought in the name of the employee. Nyquist v. Batcher, 235 Minn. 491, 51 N.W.2d 566 (1952). See *Froysland, supra.*

Plaintiff apparently sustained very serious injuries in falling down an elevator shaft and if his claim is correct, he is a quadriplegic and completely disabled for the remainder of his life. To permit defendant to litigate the issue of the employer's alleged negligence against a $25,000 medical claim of Liberty Mutual Insurance Company and its subrogation right as an involuntary plaintiff would tend to confuse the jury and might seriously prejudice plaintiff's claim referred to in *Nyquist, supra,* as "seriously impairing the preferred status of the employee or his dependents." (p. 571). It is clear that the percentage, if any, of the employer's negligence is not attributable to plaintiff so as in effect to charge him with contributory negligence. *Nyquist, supra; Froysland, supra.* If the defendant is free from any negligence or if such is not the proximate cause of the injury or there be a supervening cause, this is of course a complete defense whether or not the employer is joined. It seems clear, however, from the cases above cited, and particularly from the quoted language from *Keefer* above that the defense of contributory negligence is not available under the facts of this case to this defendant against the employer Preston-Haglan Company or its insurer Liberty Mutual Insurance Company.

Leave is granted to defendant to join the employer as a third-party defendant if it believes it can foundation an indemnity claim under the teachings of Hendrickson v. Minnesota Power &

**320**

Light Co., 258 Minn. 368, 104 N.W.2d 843 (1960); Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355 (1954), and similar cases.

A separate order has been entered.